**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| Trademark Holder Identified in Exhibit 1, | ) | Case No.: 21-cv-00328 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: Hon. Gary Feinerman |
| | ) | |
| Does 1-340, As Identified in Exhibit 2, | ) | |
| | ) | Magistrate: Hon. Maria Valdez |
| Defendants. | ) | |
| _____ | ) | |

## EX PARTE TEMPORARY RESTRAINING ORDER
## WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff, Creative Tunings, Inc. ("Plaintiff"), having filed a complaint for Federal

Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of

Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved

*ex parte* for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal

Rules of Civil Procedure, Fed. R. Civ. Pro. 65 (Dkt. 7), and the Court having considered the

complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

1.      This Court has subject matter jurisdiction over the subject matter of this case;

2.      This Court has good cause to believe the Court will have jurisdiction over the

parties;

3.      There is good cause to believe that the Defendants, identified in Plaintiff's

Complaint Exhibit #2 (under seal) have engaged in, and are likely to continue to

engage in acts and practices that violate the Lanham Act, 15 U.S.C. §1114(1),

false designation of origin claim under 15 U.S.C. §1125(a), and the Illinois

Uniform Deceptive Trade Practice Act, 810 ILCS 510 of Plaintiff's

SPIDERCAPO Trademark ("SPIDERCAPO Trademark") (Ex. 2 of Pl's Compl. (Dkt. #2-1 through 2-4)).

4. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause to for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b).

6. A bond, cash or surety, is to be filed in the amount of $ **10,000.00**, with the Court.

**It is ordered:**

I. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. using the SPIDERCAPO Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine SPIDERCAPO product or not authorized by Plaintiff to be sold in connection with the SPIDERCAPO Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine SPIDERCAPO product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the SPIDERCAPO Trademark;

     c.     committing any acts calculated to cause consumers to believe that

Defendants' Counterfeit Products are those sold under the authorization,

control or supervision of SPIDERCAPO, LLC, or are sponsored by,

approved by, or otherwise connected with Plaintiff;

     d.     further infringing the SPIDERCAPO Trademark and damaging Plaintiff's

goodwill;

     e.     manufacturing, shipping, delivering, holding for sale, transferring or

otherwise moving, storing, distributing, returning, or otherwise disposing

of, in any manner, products or inventory not manufactured by or for

Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and

which bear the SPIDERCAPO Trademark, or any reproductions,

counterfeit copies or colorable imitations thereof.

II.     Defendants, their affiliates, officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through, under or in active

concert with them be temporarily enjoined and restrained from:

     a.     Moving, destroying, or otherwise disposing of any items, merchandise or

documents relating to the Counterfeit Products, Defendants' infringing

webstores or websites, and/or Defendants' assets and operation; and

     b.     Removing, destroying, or otherwise disposing of computer files, electronic

files, business records, or documents relating to any of Defendants'

infringing webstores, websites, assets, operations, or relating in any way to

the manufacture, acquisition, purchase, distribution or sale of Counterfeit

Products, or any reproduction, copy or colorable imitation of the

SPIDERCAPO Trademark.

III. Each Defendant, within fourteen (14) days after receiving notice of this Order,

shall serve upon Plaintiff a written report under oath providing: (a) their true

name and physical address; (b) all websites and online marketplace accounts on

any platform that they own and/operate; (c) documents sufficient to show total

revenues generated from the sale of items hearing the SPIDERCAPO Trademark

on their websites and other online marketplaces, including but not limited to all

eBay, Wish, Amazon, PayPal, Western Union, Payoneer, Worldfirst, etcaccounts;

and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(e) and

2(a)–(b), above.

IV. Plaintiffs may immediately commence discovery by providing actual notice of

this Order and an appropriate subpoena (if necessary) to any of the following

parties: (1) Defendants, their agents, servants, employees, confederates, attorneys,

and any persons acting in concert or participation with them; (2) any banks,

savings and loan associations, payment processors or other financial institutions,

including without limitation, Wish, eBay, Amazon, PayPal, Inc., Western Union,

Payoneer, Worldfirst, etc. or any other merchant account providers, payment

provider, third party processors, credit card associations (i.e. MasterCard and

VISA) that receive payments or hold assets on Defendants' behalf; and (3) any

third party service providers, including without limitation, ISPs, back-end service

providers, web designers, sponsored search engine or ad-word providers,

shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants.

V.    Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

VI.   Amazon, eBay, and Wish, and their affiliates shall, within five (5) business days of receipt of this Order, block any money transfers and funds from being transferred by the Defendants identified in Exhibit 2 (under seal) of Plaintiff's Complaint until further ordered by this Court and shall provide a written report providing information they possess concerning: (a) any Defendant's true name, date of birth, and physical address; (b) URLs or listings including or the mark SPIDERCAPO or any confusingly similar name ("derivative terms"), including in any metadata; (c) documents sufficient to show total revenues or sale figures generated from the sale of items bearing the SPIDERCAPO Trademark, and any derivative terms on their websites.

VII.  PayPal, Inc., Payoneer, AliPay, Worldfirst ("Payment Processors") shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

a.    locate all accounts and funds utilized by Defendants and the infringing websites, including any Payment Processor and accounts affiliated with the information listed in Exhibit 2 of Plaintiff's Complaint hereto (filed under seal);

b.　　restrain and enjoin any such accounts or funds from being transferred or disposed of until further ordered by this Court; and

c.　　provide a written report providing information they possess regarding any Defendant's personally identifiable information, including name, date of birth, and address.

VIII.　Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within five (5) business days of receipt of this Order:

a.　　locate all accounts and funds utilized by Defendants and the infringing websites, including any financial accounts affiliated with the information listed in Exhibit 2 to the Plaintiff's Complaint (as filed under seal and provided hereto); and

b.　　restrain and enjoin any such accounts or funds from being transferred or disposed of until further ordered by this Court.

IX.　Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by sending an e-mail to the e-mail addresses provided for Defendants by third parties hosting their webstores, such as eBay, Wish, Alibaba, etc. Providing notice via e- mail, along with any notice that Defendants receive from webstore hosts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

To that end, the Clerk of Court is Ordered to issue summons directed to all Doe

Defendants as further identified by Plaintiff in a service rider to the summons

specifying the name and email address for each Doe Defendant to be served by

the issued summons.

X.     After service of process is completed, Dkts. ## 2 and 8 (Exhibits 1, 2, and 4 of

Plaintiff's Complaint and Plaintiff's Memorandum in Support of Its Motion for

TRO) shall be unsealed.


This Temporary Restraining Order without notice is entered at 9:00 A.M. on 2/1/2021 and shall

remain in effect for fourteen (14) days.

DATED: 2/1/2021                        _____

                                        Hon. Gary Feinerman